IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Denise C.,[1] | ) | C/A No.: 1:20-cv-2210-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Andrew M. Saul, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"). [ECF No. 19]. On February 25, 2021, the court granted the Government's unopposed motion to reverse and remand the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income under sentence four of 42 U.S.C. § 405(g). [ECF No. 19]. On March 23, 2021, Plaintiff filed a motion seeking attorney fees of $3,295.40 under the EAJA.[2] [ECF No. 19]. The Government subsequently filed a response in support of

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff also sought "any administrative fee that may be due . . . for continued litigation at the Administrative level under applicable statutes and regulations." [ECF No. 21 at 3]. The undersigned declines to award prospective fees. However, if Plaintiff's case is awarded Social Security benefits, her counsel may request attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b)

2

Plaintiff's motion. [ECF No. 22]. Considering the agreement among the parties, the court grants the motion and directs the Commissioner to pay Plaintiff $3,295.40. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee to be made payable to Plaintiff and mailed to the business address of Plaintiff's counsel.[3]

IT IS SO ORDERED.

April 6, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[3] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.